UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                        **DECISION AND ORDER**
                                                  14-CR-102S (2)(3)

RAYMOND KRUG, and
JOSEPH WENDEL,

                       Defendants.

The May 27, 2014 Indictment in this case accuses the Defendants of depriving certain specified individuals of their constitutional rights while acting under the color of law, specifically in Defendants' positions as City of Buffalo police officers, in violation of 18 U.S.C. §§ 241, 242, and 2. Presently before this Court are the Government's Second and Third Motions in Limine (Docket Nos. 101, 109), Defendants' Joint Supplemental Memorandum of Law seeking admission of certain facts (Docket No. 113), and Defendant Krug's Opposition to the Government's First Motion in Limine, seeking introduction of his commendations and awards (Docket No. 116). Krug's pending motion for severance is addressed in a separate order.

### I. THE GOVERNMENT'S SECOND MOTION IN LIMINE [84]

**A.    Passage of Time Between the Alleged Criminal Action and the Indictment**

The incidents at issue in this case took place on May 31, 2009. An indictment was not filed until May 27, 2014. The Government requests that all reference, direct or indirect, to the passage of nearly five years between the alleged crimes and the filing of

the indictment be excluded as irrelevant and unfairly prejudicial.

This motion is denied on two grounds. First, the date of the alleged crimes and the date of the indictment will be facts in evidence such that the jury might deduce the distance in time between the events on their own, making the "indirect reference" to the passage of time nearly impossible to avoid.  Second, Defendants will not be precluded from directly referencing the passage of time in support of potential arguments as to the reliability of witness memory or other credibility issues.

**B.     Polygraph Examination Taken By D.S.**

The Government also moves for exclusion of all reference to a polygraph examination taken by D.S., one of the alleged victims, including the results of the examination.  The Government does not seek to restrict the Defendants' ability to cross examine D.S. on any inconsistent statements he may have made during the examination, only to preclude the Defendants from eliciting that those statements were made during a polygraph examination.

"Both the United States Supreme Court and this Court have repeatedly upheld the exclusion of polygraph evidence because of its unreliability, its potential to confuse the issues and mislead the jury, and the danger of unfair prejudice posed by its admission." United States v. Fraser, 206 F. App'x 100, 101 (2d Cir. 2006) (citing United States v. Scheffer, 523 U.S. 303, 309, 118 S. Ct. 1261, 140 L. Ed. 2d 413 (1998); United States v. Kwong, 69 F.3d 663, 668 (2d Cir. 1995); United States v. Rea, 958 F.2d 1206, 1224 (2d Cir. 1992)).  Accordingly, this motion is granted.

However, Defendants also state that the Government has not provided all

documents underlying the polygraph examination and have requested that such documents be disclosed prior to trial. The Government is directed to disclose all statements made by D.S. during the polygraph that have not already been provided.

## II. THE GOVERNMENT'S THIRD MOTION IN LIMINE AND DEFENDANTS' JOINT SUPPLEMENTAL MEMORANDUM

The Government's Third Motion in Limine and Defendants' Joint Supplemental Memorandum of Law are related, in that they both seek rulings as to the admissibility of evidence regarding civil suits brought by the alleged victims against the City of Buffalo. In addition to the civil suit brought by two of the alleged victims in relation to the incidents underlying this case, the alleged victims have also brought other suits against the city, including one filed prior to the events at issue here and another in 2014. The Government seeks to preclude all evidence of the unrelated civil suits as irrelevant and unfairly prejudicial, and asks the Court to maintain its prior ruling limiting the potential admission of evidence regarding the related civil suit.

Defendants argue that the alleged victims' suits against the city show a pattern of seeking monetary gain from interactions with the police, and of their bias against the police. Further, with respect to the civil suit related to the alleged crimes at issue here, Defendants put forward the idea that the alleged victims may only have brought the suit in order to avoid being prosecuted for their prior actions, and seek to introduce this theory in their opening statements. However, Defendants provide no evidence to support their theories of bias and improper motivation for filing the suits. With respect to the civil suits unrelated to this case, the Defendants have not introduced any evidence to show that these were frivolous or malicious suits, and their arguments of bias or

financial motivation appear to be based on pure speculation. Moreover, introducing evidence of the unrelated suits would invite a trial within the trial as to the merits of each suit. Accordingly, reference to the unrelated civil suits will be precluded.

With respect to the related civil suit, this Court allowed the Defendants to submit additional briefing to the extent they were able to provide specific evidence supporting their argument that the facts of the suit should be admitted to demonstrate bias or undermine the alleged victims' credibility. Instead, the Defendants offered further speculation and unsupported theories without any evidence to show that the suit was undertaken for an improper purpose. Therefore, this Court's prior order has not changed: if, after direct examination of the alleged victims, defense counsel seek to pursue a line of questioning related to the alleged victims' civil suit against the city related to this case, or introduce extrinsic evidence to demonstrate specific bias, defense counsel may make a proffer outside the presence of the jury. At that time, after hearing direct examination and the proffered basis for the questioning or introduction of evidence, this Court will make a determination as to whether it is relevant and appropriate.[1]

Accordingly, the Government's Third Motion in Limine is granted and the relief sought in Defendants' Joint Supplemental Memorandum of Law is denied.

---

[1] Defendants have also maintained that, if the fact of the civil suit is introduced, the Government should be precluded from introducing evidence that the suit was settled in favor of the alleged victims. Defendants cite Federal Rule of Evidence 408 in support of this position. However, "Rule 408 of the Federal Rules of Evidence does not require exclusion of evidence relating to a civil settlement in a criminal trial." Manko v. United States, 87 F.3d 50, 51 (2d Cir. 1996). Therefore, if the Defendants are able to offer a good faith basis to support introduction of the related civil suit, this Court will consider whether the settlement may be admitted to refute that evidence. In that event, this Court will also consider a cautionary instruction if so requested.

### III. DEFENDANT KRUG'S OPPOSITION TO THE GOVERNMENT'S FIRST MOTION IN LIMINE, SEEKING INTRODUCTION OF COMMENDATIONS AND AWARDS

In the Government's First Motion in Limine (Docket No. 86), it sought to preclude reference to Defendants' commendations and awards on the grounds that such evidence is irrelevant and unfairly prejudicial. At that time, Defendants did not oppose and this Court granted the motion.

Defendant Krug now opposes the motion, stating that he seeks to introduce three categories of character evidence: (1) testimony of four witnesses who will offer character evidence of his honesty, integrity, and law-abiding nature through reputation and opinion; (2) testimony as to specific instances where he secured, protected, or upheld the Constitution; and (3) commendations and awards that demonstrate his character for upholding the Constitution. The Government opposes this, arguing that Krug should not be allowed to seek reconsideration after this Court has already ruled on an issue he failed to oppose. Further, the Government contends that if the Court allows reconsideration, Krug should be permitted to introduce testimony and opinions only as to his reputation, and not the commendations or evidence of specific instances of conduct.

Evidence of a defendant's pertinent character trait is admissible in criminal cases under Federal Rule of Evidence 404(a)(2)(A). However, such evidence is generally limited to testimony about a person's reputation or testimony in the form of an opinion. Fed. R. Evid. 405(a). Specific instances of conduct are not admissible unless a person's "character or character trait is an essential element of a charge." Fed. R. Evid. 405(b). This Court is not persuaded by Krug's argument that his respect and protection

of the Constitution are a character trait at issue and an essential element of the charges against him. The only aspect of the charge to which this might, arguably, apply is the intent element of 18 U.S.C. § 242: "defendant acted willfully . . . with the intent to deprive a person of a federal right." L. Sand, et al., Modern Federal Jury Instructions-Criminal (2016), & 17.01, No. 17-6. But application of Rule 405(b) is limited, applying only in rare instances, and it does not generally apply to intent. United States v. Doyle, 130 F.3d 523, 542 (2d Cir. 1997) ("if specific good deeds could be introduced to disprove knowledge or intention, which are elements of most crimes, the exception of Rule 405(b) would swallow the general rule of 405(a) that proof of specific acts is not allowed"). Accordingly, Krug's admissible character evidence is limited to testimony as to his reputation or testimony in the form of an opinion; specific instances of conduct, including Krug's awards and commendations, are not admissible because his "character for upholding the Constitution" is not an essential element of the alleged crime.[2]

## IV. ORDERS

IT HEREBY IS ORDERED, that the Government's Second Motion in Limine (Docket No. 111) is GRANTED in part and DENIED in part;

FURTHER, that the Government is directed to disclose to Defendants all statements made by D.S. during the polygraph examination;

---

[2] This Court need not address the Government's arguments as to the propriety of Krug raising his opposition at this time. The Government's first motion in limine sought only to exclude awards and commendations, not character evidence generally. Therefore, this Court's prior order precluding awards and commendations has not been modified.

FURTHER, that the Government's Third Motion in Limine (Docket No. 113) is GRANTED;

FURTHER, that the relief sought in the Defendants' Joint Supplemental Memorandum of Law (Docket No. 116) is DENIED;

FURTHER, that the relief sought in Raymond Krug's Response in Opposition (Docket No. 115) to the Government's First Motion in Limine is GRANTED in part and DENIED in part.

SO ORDERED.

Dated: December 2, 2016
       Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
Western District of New York