IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                                                   14-CR-102-S

RAYMOND KRUG and
JOSEPH WENDEL,
                       Defendants.

---

### GOVERNMENT'S MOTION IN LIMINE REGARDING FACEBOOK POSTS

**THE UNITED STATES OF AMERICA,** by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Aaron J. Mango and John D. Fabian, Assistant United States Attorneys, of counsel, hereby files its motion in limine to preclude the use of Facebook messages for impeachment of government witnesses D.D., J.C. or J.W.

### BACKGROUND

In separate emails sent on August 8, 2018 and August 9, 2018, counsel for defendant Raymond Krug provided counsel for the government with various Facebook messages for government witnesses D.D., J.C. or J.W.[1]  On August 12, 2018, counsel for the defendant informed the government that it intends to use all of these messages during cross-examination. The government moves to exclude use of the messages as irrelevant, unduly prejudicial, and otherwise impermissible under the Rules of Evidence.

---

[1] The Facebook messages will be provided to the Court separately for a non-public review.

## ARGUMENT

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Fed. R. Evid. 402 provides that only "relevant evidence" is admissible. "Relevant evidence", as recognized by the Second Circuit,

> . . . means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. However, Rule 403 provides that even relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. (internal quotations omitted).

*United States v. Malpeso*, 115 F.3d 155, 162-63 (2d Cir. 1997), *citing* Fed. R. Evid. 401. However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Trial courts enjoy considerable discretion when deciding evidentiary issues, *see, e.g.*, *United States v. Khalil*, 214 F.3d 111, 122 (2d Cir. 2000), and appellate review "is highly deferential in recognition of the district court's 'superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice.'" *United States v. Gabinskaya*, 829 F.3d 127, 134 (2d Cir. 2016) (the probative value of documents reflecting misconduct, suspension, and disbarment of attorney hired by co-conspirators was substantially outweighed by danger of confusion and wasted time in health care fraud trial),

*citing United States v. Coppola*, 671 F.3d 220, 244 (2d Cir. 2012), *quoting United States v. Abu–Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010).

Nothing in any of these messages has any tendency to make a fact of consequence in determining this case more or less probable than it would be without the evidence. As a result, the messages should be excluded under Federal Rule of Evidence 401 as not relevant. Furthermore, to the extent any attenuated relevance could be gleaned from any of the messages, the minimal relevance is more prejudicial than probative, and any such message should therefore be excluded under Rule 403. In addition, pursuant to Rule 404, none of the messages can be used as evidence of any witness's character or character trait to prove that on any particular occasion the witness acted in accordance with the character or trait. Finally, pursuant to Rule 608, extrinsic evidence – including Facebook messages such as these – is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court to grant the government's motion in limine to preclude the use of these messages on cross-examination of government witnesses D.D., J.C. or J.W.

DATED: Buffalo, New York, August 12, 2018.

JAMES P. KENNEDY
United States Attorney

BY: *S/ AARON J. MANGO*
_____
AARON J. MANGO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5882
aaron.mango@usdoj.gov

BY: *S/ JOHN D. FABIAN*
_____
JOHN D. FABIAN
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5819
john.fabian@usdoj.gov